## TEAL'S ADMINISTRATORS v. J. B. WILLS.

In 1860 T.'s administrators sued M. on a note executed by him, partly for land and partly for personal property, and M. filed an answer in which he acknowledged that the land constituted part of the consideration of the note. This suit, as originally brought, was an ordinary action on the note as a mere money demand, without any claim of a vendor's lien. Pending the suit, and subsequent to the filing of M.'s answer, he sold the land to W., for cash ; and afterwards the plaintiffs amended, making W. a party defendant, and asserting their vendor's lien. *Held,* that W., at the time he purchased the land, was not chargeable with constructive notice of the acknowledgment made by M. in his answer to the original petition.

ERROR from Coryell. Tried below before the Hon. J. P. Osterhout.

The material facts are indicated in the opinion and the headnote.

No briefs for either party.

OGDEN, J. There is no error in the charge of the court, wherein the jury are instructed that the answer of McCarty, in a suit against him for the consideration of the note filed in court in this suit, could not operate as constructive notice of the existence of the vendor's lien on the land in controversy. This

suit was originally brought in 1860, against McCarty, for a simple money demand, evidenced by the note on file, and the petition then filed neither set out or claimed a vendor's lien; and it was not until 1866, three years after the purchase by Wills, that the plaintiff amended his petition, and claimed a vendor's lien, and made Wills a party defendant.

There was, then, at the time of the purchase by Wills, no litigation pending in regard to the title to or vendor's lien upon the land in question. And it is believed that the filing of the answer of McCarty in this case in 1860 would be insufficient, alone, to charge Wills with actual or constructive notice of a vendor's lien, unless he had full knowledge of the contents of that answer, and the acknowledgment that the purchase-money for the land was a part consideration for the note sued on.

There is no evidence in the record of this cause that Wills, when he purchased the lots in controversy and paid for them, had either actual or constructive notice of the existence of the vendor's lien upon those lots, in favor of the appellant or any one else. The records of the County Court at that time showed that the lots were the property of McCarty. Neither is there any evidence in the record that the contract of purchase between McCarty and Wills was ever rescinded.

It is true that Wills, after he found that Teal had or claimed a lien on the property he had purchased from McCarty and paid for, endeavored to save himself from loss in case he should lose the land; but it is not shown that he at any time abandoned or rescinded the purchase. It is manifest from the testimony that Wills, when he purchased, was an innocent purchaser for a valuable consideration paid, without notice. He should, therefore, be protected from the claims of those who are chargeable with laches.

There is another view of this cause that is worthy of consideration in determining the legal and equitable rights of the parties. The note sued on was not given for the purchase-money of the lots in controversy alone, but for a blacksmith-shop, tools, iron, etc. Certainly, there could be no vendor's

lien on the land for the payment of the purchase-money for personal property; and if Wills had purchased with a full knowledge of the claim of Teal, it might have been difficult, and, from the evidence before the jury, would have been impossible, to determine what proportion of the note, if any at all, was a lien on the land. Teal bought the land of McCarty, and not succeeding in getting a title, he sold the same back to McCarty, and took the note sued on, or, as McCarty alleges, took a note in lieu of that for which the note sued on was given. Teal never had a legal title to the land, and it might not be a very unreasonable presumption to suppose that the last sale from Teal to McCarty was simply a rescission of the former one of McCarty to Teal.

The record in this case is very voluminous, imperfect, and in much confusion. This fact has added greatly to the labor in attempting to understand the merits of the case, and especially as we have not been aided by briefs of counsel on either side.

We have been able to discover no such error in the rulings of the court, or the charges given to the jury, as will require a revision by this court, and as we believe the jury in its verdict has rendered substantial justice to the parties, we are not inclined to disturb their findings or the judgment rendered thereon.

The judgment is therefore affirmed.

Affirmed.